Jewish National Workers Alliance of America, Appellant, *v.* The Merchants Bank of New York, Respondent.

First Department, June 2, 1933.

*Louis Waldman,* for the appellant.

*Israel H. Zinovoy,* for the respondent.

O'Malley, J. Plaintiff sues to recover the sum of $6,043.96, an alleged balance due with interest on an original deposit of $10,000 made with the defendant bank. The sufficiency of a counterclaim and certain defenses predicated on the theory that the liability of a third corporation to the defendant was properly chargeable to the plaintiff, is presented.

The first defense, also pleaded as setoff and counterclaim, is to the effect that plaintiff owned all the outstanding capital stock of the Jewish National Workers Alliance Institute, Inc., which was operating a camp for the benefit of plaintiff's membership; that the organization by plaintiff of such subsidiary was merely an attempt to hide behind its corporate cloak so as to receive its benefits and, at the same time, to avoid the payment by the plaintiff of its just debts. Relying upon the close and inseparable relationship of plaintiff and its subsidiary, the defendant alleges that it loaned to the subsidiary the sum of $15,000, represented by two promissory notes in the sums of $10,000 and $5,000 respectively, the second of which was unsecured and has been paid, and the first of which was to be secured by the deposit of the $10,000 in question.

It is further pleaded that it was agreed that the deposit of the plaintiff in the defendant bank was to remain as security for the said loan of $10,000; that defendant in making the loans relied upon the combined responsibility of plaintiff and its subsidiary and would not have made it but for the financial statement of the plaintiff and in reliance upon the deposit. It is set forth that the loan was reduced from time to time and new notes issued by the subsidiary, and that there is now due and owing with protest fee and interest the sum of $5,401.46, evidenced by a note made by the subsidiary and delivered to the defendant in the sum of $5,400.

Upon the facts so pleaded the setoff and counterclaim are clearly insufficient. They are predicated upon the theory of *Quaid* v. *Ratkowsky* (183 App. Div. 428; affd., 224 N. Y. 624), in an attempt to pierce the corporate veil. We are of opinion that the defendant has not brought itself within the principle of that decision. The setoff and counterclaim come rather within the purview of *Almirall & Co., Inc.*, v. *McClement* (207 App. Div. 320) and *Wagner* v. *Manufacturers Trust Co.* (237 id. 175). No fraud which would render it inequitable for the plaintiff to hide behind the separate entity of its subsidiary is charged, nor is any mistake as to the identity of the corporation with which it was dealing shown by defendant.

The second separate defense repeats the material allegations of the setoff and counterclaim. It then pleads that plaintiff falsely and fraudulently represented to the defendant that, although the subsidiary and itself were in fact one, the plaintiff did not borrow any money in its own name, but only through its said subsidiary. There are allegations of false and fraudulent representations on the part of the plaintiff as to the solvency of the subsidiary, and that the plaintiff, since it did not borrow money in its own name, " would deposit in the defendant bank a sum of at least Ten thousand ($10,000) Dollars, which was to remain in the defendant bank during the entire period of the loan or any part thereof   *   *   * as a security fund for the repayment of the said loans so to be made " to the subsidiary. Reliance in making the loans is predicated upon these representations which are said to be false and known to be false to the plaintiff when made, with intent to induce the defendant to rely thereon in making the loan.

We are further of the opinion that this second defense is likewise insufficient. Again, there is not sufficient fraud shown to justify the ignoring of the corporate entity of the subsidiary. The representations as to the making of the deposit by way of security were promissory in nature. No damages are alleged. Furthermore, it appears that such deposit was in fact made by the plaintiff. Any

right to apply the balance of this deposit to the repayment of the loan to the subsidiary will be sufficiently protected by the third defense to that effect.

It follows, therefore, that the order appealed from should be reversed with twenty dollars costs and disbursements, and the motion to strike out the first defense and counterclaim and the second defense granted, with ten dollars costs.

McAvoy, Martin and Townley, JJ., concur; Finch, P. J., dissents and votes for affirmance.

Finch, P. J. (dissenting). The decision of the learned court at Special Term is right and should be affirmed. The facts alleged in the counterclaim and setoff are admitted for the purposes of the motion to strike out. They show a fraud practiced upon the defendant by the plaintiff, in that the plaintiff induced the defendant to loan money to a subsidiary of plaintiff upon the representation that plaintiff borrowed no money in its own name, but used the name of its subsidiary for borrowing such money as plaintiff needed; that the business of its said subsidiary was large and prosperous, and the subsidiary solvent and worth at least $150,000. Plaintiff further represented that it would deposit in the defendant bank $10,000, to remain in the bank during the entire period of the loan as security for the repayment thereof. The aforesaid representations are alleged to have been false, the facts being that plaintiff did borrow money in its own name and the business operated by it through its subsidiary was insolvent. The notes given by the subsidiary having been dishonored, and the plaintiff having sought to withdraw the money deposited as aforesaid, the facts set up by defendant in opposition are sufficient in law and should not be struck out. It is not a case of a mere diversity or corporate entity between plaintiff and its subsidiary. There is present in addition a fraudulent holding out and concealment, thus bringing the case within the principle that corporate entity will not be allowed to be employed for the perpetration of a fraud, whereby another may be unjustly enriched. (*Quaid* v. *Ratkowsky*, 183 App. Div. 428; affd., 224 N. Y. 624.) In other words, the plaintiff will not be permitted to profit through shielding itself behind a corporate entity now interposed only because of the previous active fraud of the plaintiff.

It may be that the proof to be offered by the defendant at the trial will not be sufficient to sustain the allegations of the pleading but here we are dealing only with the latter.

Order reversed, with twenty dollars costs and disbursements, and motion granted, with ten dollars costs.